UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERIC LEE BOUIE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:25-cv-07195 |
| | ) |
| CREDIT ACCCEPTANCE CORP., NWR | ) Judge Sharon Johnson Coleman |
| TRANSPORT, LLC, HOFFMAN ESTATES | ) |
| POLICE DEPARTMENT, OFFICER KYLE | ) |
| ALDON, AND OFFICER CLAYTON | ) |
| JOHNSON, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Eric Lee Bouie ("Plaintiff"), brought suit against Defendants, Credit Acceptance Corporation, NWR Transport, LLC, Hoffman Estates Police Department, Officer Kyle Aldon, and Officer Clayton Johnson (altogether, "Defendants"), alleging Defendants wrongfully repossessed his vehicle. Before the Court is Defendant, Credit Acceptance Corporation's ("Credit Acceptance"), Motion to Compel Arbitration ("Motion"). For the following reasons, the Court grants Credit Acceptance's Motion [50].

**BACKGROUND**

On June 7, 2024, Plaintiff purchased a 2019 Dodge Durango ("Vehicle") from Gravity Auto Sales in Clinton Township, Michigan. In conjunction with that purchase, Plaintiff executed and entered into a Retail Installment Contract ("Contract") and a Declaration Acknowledging Electronic Signature Process ("Declaration) confirming that he had personally affixed his electronic signature to the Contract. The second page of the Contract contains an Arbitration Clause that was initialed and acknowledged by Plaintiff, that expressly provides:

1

> Either You or We may require any Dispute to be arbitrated and may do so before or after a lawsuit has been started over the Dispute…. If You or We elect to arbitrate a Dispute, this Arbitration Clause applies. A Dispute shall be fully resolved by binding arbitration. … If You or We elect to arbitrate a Dispute, neither You nor We will have the right to pursue that Dispute in court or have a jury resolve that dispute.

(Dkt. 51-1 at *1.) "We" is defined as "Seller and/or Seller's assignee (including, without limitation, Credit Acceptance Corporation)" and "You" is defined as the buyer. (*Id.*) The Arbitration Clause further defines the types of "disputes" that the parties agree to submit to binding arbitration:

> A "Dispute" is any controversy or claim between You and Us arising out of or in any way related to this Contract, including, but not limited to, any default under this Contract, the collection of amounts due under this Contract, the purchase, sale, delivery, set-up, quality of the Vehicle, advertising for the Vehicle or its financing, or any product or service included in this Contract. "Dispute" shall have the broadest meaning possible, and includes contract claims, and claims based on tort, violations of laws, statutes, ordinances or regulations or any other legal or equitable theories.

(*Id.*) Plaintiff acknowledged that he "read, understand[s] and agree[s] to the terms and conditions of the Arbitration Clause." (*Id.* at *2.)

Despite executing this Arbitration Clause, Plaintiff filed this lawsuit against Credit Acceptance in the Circuit Court of Cook County, Illinois. Plaintiff's Complaint alleges that NWR Transport LLC "wrongfully repossessed" his Vehicle "without a warrant, court order, or judicial authorization," while Plaintiff was "challenging the financing contract with Credit Acceptance" for fraud and deceptive practices. (Dkt. 49 at*3.) Plaintiff asserts claims against Credit Acceptance for violation of procedural due process pursuant to 42 U.S.C. § 1983 (Count II) and unlawful repossession/breach of peace in violation of 810 ILCS 5/9-609 (Count III). (*Id.* at *5.)

Credit Acceptance removed the case to federal court on June 27, 2025, and asserts thereafter that it notified Plaintiff of its demand to proceed in arbitration. (Dkt. 50 at *3.) Credit Acceptance further asserts Plaintiff opposed its demand for arbitration and filed an Amended Complaint on July 11, 2025. (*Id.*) Plaintiff filed his Second Amended Complaint on September 9, 2025, mooting Credit

Acceptance's partially briefed motion to compel arbitration. Credit Acceptance then timely filed the present Motion as its response to Plaintiff's Second Amended Complaint (hereinafter, "Complaint").

**LEGAL STANDARD**

The Federal Arbitration Act ("FAA") provides that "[a] written provision in any ... contract evidencing a transaction involving commerce to settle a controversy thereafter arising out of such contract or transaction ... shall be valid, irrevocable and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Under the FAA, the party moving for arbitration must show: (1) the existence of a written agreement to arbitrate; (2) that the dispute is within the scope of the arbitration agreement; and (3) a refusal to arbitrate. *Zurich American Ins. Co. v. Watts Indus., Inc.*, 417 F.3d 682, 687 (7th Cir. 2005). Once the movant demonstrates these elements, the burden shifts to the party opposing arbitration to demonstrate that the arbitration agreement is unenforceable or that their claims are unsuitable for arbitration. *See Mecum v. Weilert Custom Homes, LLC*, 239 F.Supp.3d 1093, 1095 (N.D. Ill. March 6, 2017) (Coleman, J.).

**DISCUSSION**

In its Motion, Credit Acceptance argues that because the Arbitration Clause is valid and enforceable and encompasses Plaintiff's claims, Plaintiff should be required to pursue his claims, if at all, in arbitration. (Dkt. 50 at *6.) Because the third element, a refusal to arbitrate, has been evidenced by Plaintiff's brief and supplemental brief in opposition to Defendant's Motion to Compel Arbitration, the Court addresses the remaining two elements: (1) the existence of a written agreement to arbitrate, and (2) whether the dispute is within the scope of the arbitration agreement.

      1. *The Contract is Valid and Enforceable*

In determining whether an arbitration agreement is binding, a court looks to principles of state contract law. *Tinder v. Pinkerton Sec.*, 305 F.3d 728, 735 (7th Cir. 2002). Under Michigan law,[1] courts interpret contracts by giving plain meaning to the words and phrases used by the parties. *Meemic Ins. Co. v. Jones*, 984 N.W.2d 57, 63 (Mich. 2022). Where the policy lends itself to a clear understanding between the parties, a court will enforce the policy as written. *Id.*

Credit Acceptance asserts that the Arbitration Clause sets forth the parties' clear and unambiguous intent to submit their disputes and claims to binding arbitration. (Dkt. 50 at *6-7.) Credit Acceptance further emphasizes Plaintiff expressly acknowledged that he "read, understand[s] and agree[s] to the terms and conditions in the Arbitration Clause." (*Id.*) Plaintiff, in response, argues that by removing the case to federal court and addressing the merits, Credit Acceptance waived the Arbitration Clause. (Dkt. 56 at *4-5.) Additionally, Plaintiff argues that the fraudulent misrepresentations that induced him to make his purchase, an alleged misapplied $2,000 down payment and deceptive GAP insurance charges, as well as the unlawful repossession, void the Arbitration Clause.[2] (*See* Dkt. 35 at *2-4.)

As an initial matter, the Court rejects Plaintiff's assertion that Credit Acceptance's removal of this action to federal court waives its right to arbitrate. The Seventh Circuit has explicitly held that simply moving a case to federal court does not waive one's right to arbitrate, particularly where a party repeatedly asserts its intent to resolve the dispute in arbitration. *See Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 562 (7th Cir. 2008). Here, where Credit Acceptance's participation in the

---

[1] While the Plaintiff seeks to apply contracting principals under Illinois law, the contract, entered into in the state of Michigan at a Michigan-based dealership, is subject to Michigan contracting principals. Pertinently, the Court takes judicial notice of the Circuit Court of Oakland County, Michigan's order in *Eric Lee Bouie, et al. v. Gravit Auto Sales, et al.*, Case No. 2024-210396-CK, which squarely addressed and rejected Plaintiff's "myriad of arguments" opposing arbitration. (*See* Dkt. 60-1 at *5-8.)
[2] Plaintiff, in his Supplemental Response in Opposition to Credit Acceptance's Renewed Motion to Compel Arbitration, (Dkt. 56), includes by reference, his initial Brief in Opposition, (Dkt. 35). The Court incorporates arguments from both filings in its Order.

litigation was minimal, and primarily to enforce the arbitration provision, the Court will not deem the Arbitration Clause, waived.

Regarding the validity of the Arbitration Clause, the Contract contains Plaintiff's signature and Plaintiff admits to signing and acknowledging the Arbitration Clause. Plaintiff does not deny he executed the contract but instead argues that because he was fraudulently induced into signing the contract and because Defendants unlawfully repossessed the vehicle, the Arbitration Clause is unenforceable. (*See* Dkt. 35 at *2-4.) While Plaintiff may raise the issue of fraudulent inducement, any dispute of such an issue cannot be decided in court, since the parties expressly agreed to a delegation clause requiring that any questions regarding the "validity or enforceability of the Contract as a whole" must be decided in arbitration. (Dkt. 51-1 at "5.). The Court "must treat [the delegation clause] as valid under § 2 [of the FAA] and must enforce it under §§ 3 and 4, leaving any challenge to the validity of the [Contract] as a whole for the arbitrator." *See Rent-A-Center Inc. v. Jackson*, 561 U.S. 63, 72 (2010). Accordingly, the Court declines to address the merits of Plaintiff's fraudulent inducement and unlawful repossession claims and leaves those challenges for the arbitrator in accordance with the executed delegation clause.

Accordingly, the Court will enforce the agreement as written and deem it binding.

2. *The Plaintiff's Claims are Subject to the Arbitration Provision*

Having found the Arbitration Clause enforceable and binding, the Court next addresses whether Plaintiff's specific claims are covered by the binding agreement. Since arbitration is contractual in nature, a party cannot be mandated to submit any dispute to arbitration which has not been agreed to. *See Zurich, 417 F.3d at 687*.

Credit Acceptance argues that Plaintiff's 810 ILCS 5/9-609 and 42 U.S.C. § 1983 claims are subject to the Arbitration provision. Specifically, because Plaintiff agreed to arbitrate "any controversy or claim"—including "claims based on … statutes, ordinances or regulations or any other legal or

equitable theories"—"arising out of or in any way related to [the] Contract," including "any default" or "collection of amounts due under [the] Contract," his two statutory claims, arising from repossession and default, must be arbitrated. (*See* Dkt. 50 at *7-8.) While Plaintiff does not address Credit Acceptance's argument that his 810 ILCS 5/9-609 claim is subject to arbitration, Plaintiff argues that his claim asserted under 42 U.S.C. § 1983 is not waivable under an arbitration agreement. (*See* Dkt. 56 at *3.)

The Court agrees with Credit Acceptance. As a general matter, the Seventh Circuit has repeatedly held that "arising out of" language reaches all disputes deriving from the contract. *See Sweet Dreams Unlimited, Inc. v. Dial—A—Mattress Int'l, Ltd.*, 1 F.3d 639, 642 (7th Cir. 1993)(emphasizing the heavy presumption in favor of arbitration for a clause including "arising *out of*" language); *see also Kiefer Specialty Flooring, Inc. v. Tarkett, Inc.*, 174 F.3d 907, 910 (7th Cir. 1999) ("arbitration clause with the language 'arising out of or relating to' created a 'presumption of arbitrability.'"). Because Plaintiff explicitly agreed to submit any claims "arising out of or in any way related to [the] Contract," to arbitration, the Court presumes the Arbitration Clause encompasses Plaintiff's 810 ILCS 5/9-609 statutory claim. The Court also rejects Plaintiff's assertion that his § 1983 claims cannot be subject to an arbitration agreement. Courts have long held that statutory claims may be the subject of an arbitration agreement, enforceable pursuant to the FAA. *See Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991). Because Plaintiff expressly agreed to arbitrate "any controversy or claim" related to his Contract, including "claims based on … statutes, ordinances, or regulations," (Dkt. 51-1 at 5), the Court finds Plaintiff waived his ability to address his specific statutory claims outside of arbitration, including his § 1983 claim.

**CONCLUSION**

For the foregoing reasons, the Court grants Credit Acceptance's Motion to Compel Arbitration [50] and will retain jurisdiction of the matter pending the binding arbitration.[3]

**IT IS SO ORDERED.**

Date: 12/9/2025

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

---

[3] The Court acknowledges that Defendant, NWR Transport, filed a Reply to Credit Acceptance's Motion to Compel Arbitration stating that, while it has no takes no position on whether Plaintiff and Credit Acceptance are required to arbitrate the claims between them, NWR Transport does not agree to arbitrate the claims filed against it by Plaintiff. (*See* Dkt. 58 at *1.) The Court clarifies that this Order, requiring Plaintiff to arbitrate only its claims against Credit Acceptance, in in no way compels any other Defendant to arbitrate Plaintiff's claims against it and does not stay the entire matter pending the outcome of Plaintiff's claims against Credit Acceptance.