UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERIC LEE BOUIE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:25-cv-07195 |
| ) | |
| CREDIT ACCCEPTANCE CORP., NWR ) | Judge Sharon Johnson Coleman |
| TRANSPORT, LLC, HOFFMAN ESTATES ) | |
| POLICE DEPARTMENT, OFFICER KYLE ) | |
| ADLON, AND OFFICER CLAYTON ) | |
| JOHNSON, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Eric Lee Bouie ("Plaintiff"), brought suit against Defendants, Credit Acceptance Corporation ("Credit Acceptance"), NWR Transport, LLC ("NWR"), Village of Hoffman Estates ("VOHE"), Officer Kyle Adlon ("Officer Adlon"), and Officer Clayton Johnson ("Officer Clayton") (together, "Officers") (altogether "Defendants"), alleging Defendants wrongfully repossessed his vehicle. Before the Court is Defendants, VOHE, Officer Clayton, and Officer Adlon's Motion to Dismiss [63] and Defendant, NWR's Motion to Dismiss [61]. For the following reasons, the Court grants Defendants' Motions.

**BACKGROUND**

Unless otherwise noted, the following factual allegations are taken from Plaintiff's Second Amended Complaint (hereinafter, "Complaint"), Dkt. 49, and are assumed true for purposes of resolving these Motions. *W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016).

On June 7, 2024, Plaintiff purchased a 2019 Dodge Durango ("Vehicle") from Gravity Auto Sales in Clinton Township, Michigan. Upon information and belief, Plaintiff later defaulted on

1

payments for the Vehicle, in violation of his Retail Installment Contract with Credit Acceptance. (*See* Dkt. 62 at \*2.) In or around March 2025, Credit Acceptance retained NWR to repossess the Vehicle. On March 21, 2025, at approximately 10:01 A.M., NWR arrived at Plaintiff's residence and repossessed the vehicle. While the Vehicle was already connected to NWR's truck and being lifted, Plaintiff exited his home, entered the Vehicle, and objected to the repossession, stating that the Vehicle was subject to ongoing litigation in Michigan challenging his underlying financing contract, making any repossession "unauthorized." (Dkt. 63 at \*2.)

When Plaintiff refused to exit the Vehicle that was already attached and lifted by their tow, NWR called the Village of Hoffman Estates Police Department for assistance. Officers Adlon and Johnson responded to the call, and when they arrived, Plaintiff again explained that the Vehicle was under dispute and that he objected to the repossession. After confirming NWR was taking possession of the Vehicle as a result of Plaintiff's default, the Officers alerted Plaintiff that they would have to arrest him for trespassing if he did not exit the Vehicle. Plaintiff exited the vehicle and soon thereafter, NRW towed it away.

Plaintiff filed the present suit, *pro se*, alleging the repossession violated Plaintiffs Fourth and Fourteenth Amendment rights and constituted a breach of the peace under Illinois law.

**LEGAL STANDARD**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). When considering dismissal of a complaint, the Court accepts well pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Trujillo v. Rockledge Furniture LLC*, 926 F.3d 395, 397 (7th Cir. 2019). To survive a motion to dismiss, plaintiff must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

While *pro se* complaints are construed liberally and held to a less stringent standard than pleadings drafted by lawyers, *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011), a *pro se* complaint still must provide fair notice of the plaintiff's claims and at least suggest a plausible right to relief. *Killebrew v. St. Vincent Health, Inc.*, 295 Fed. App'x 808, 810 (7th Cir. 2008). Importantly, a plaintiff "must provide more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action for their complaint to be considered adequate." *W. Bend Mut. Ins. Co.*, 844 F.3d at 675 (quoting *Twombly*, 835 F.3d at 738).

**DISCUSSION**

    **I.   VOHE, Officer Clayton, and Officer Adlon's Motion to Dismiss**

Plaintiff's Complaint seeks recovery against Officers Adlon and Johnson, in their official capacities, for violation of Plaintiff's Fourth Amendment Rights based on the "unreasonable seizure"(Count I); against Officers Adlon and Johnson for violation of Plaintiff's Amendment, due process rights (Count II); and against VOHE for failure to train and supervise its officers or otherwise allowing the custom of unlawful repossession (Count IV).

        **A.  Claims Against Officers Adlon and Johnson**

In their motion, Defendants argue Plaintiff's claims of civil rights violations against the Officers, Counts I and II, fail because they are dependent upon Plaintiff establishing that the repossession was unlawful, which he has not. (*See* Dkt. 64. at *4.)

Under 810 ILCS 5/9-609, after a default, a secured party may "take possession of the collateral," and may do so, "without judicial process, if it proceeds without breach of the peace." *See Jackson v. City of Chicago*, 975 N.E.2d 153, 170 (1st Dist. 2012) (citing UCC-Secured Transactions, 810 ILCS 5/9-609(a)(1), (b)(1), (b)(2). A "breach of the peace" under Section 9-609 has been defined to mean "conduct which incites or is likely to incite immediate public turbulence, or which leads to or is likely to lead to an immediate loss of public order and tranquility." *Chrysler Credit Corp. v. Koontz*, 277

Ill. App. 3d 1078, 1082, 661 N.E.2d 1171, 1173 (Ill. App. Ct. 1996). Thus, so long as a repossession does not incite public turbulence or public disorder, it is possible for repossession of collateral to be done without judicial process. *See Jackson*, 975 N.E.2d at 170. The Illinois Statute on Repossession, 225 ILCS 422/110, further establishes that repossession occurs when specific conditions are met: with regard to collateral subject to a security agreement, repossession occurs when the licensed repossession agency employee gains entry into the collateral, the collateral becomes connected to a tow vehicle, or the licensed repossession agency employee has physical control, custody, or possession of the collateral. 225 ILCS 422/110 (a). Most relevant here, legal title to property subject to a security interest passes to the creditor after the creditor has taken possession following default. See *Jackson*, 975 N.E.2d at 171 (quoting *Kouba v. East Joliet Bank*, 135 Ill. App. 3d 264, 268 N.E.2d 325, 328 (Ill. App. Ct. 1985).

Defendants argue, because Plaintiff's allegations fail to establish an unlawful repossession or that Plaintiff had an interest in the vehicle at the time of the alleged civil rights violations, the Court must dismiss the claims brought against the Officers. (Dkt 64 at *4.) Defendants additionally argue that Plaintiff's conclusory assertion that Defendants breached the peace during the repossession actually contradict Plaintiffs own allegations. They assert, because Plaintiff did not enter the Vehicle until *after* it was already repossessed and on NWR's tow truck, it was actually Plaintiff who incited a breach of peace by trespassing in the Vehicle that he had no legal right to enter. (*See* Dkt. 66 at *5.) Plaintiff does not address the posture of the actual repossession, but in response, argues the repossession did in fact constitute an unlawful breach of the peace because the Officer's engaged in "active coercion," "intimidation," and "threats of arrest." (*See* Dkt. 66 at *5.)

Notwithstanding Plaintiff's erroneous legal conclusions about what constitutes a breach of peace, the Court agrees with Defendants that the repossession was lawful. Accordingly, because he did not have a legal interest in the Vehicle at the time of the alleged civil rights violations, Plaintiff's

4

claims against the Officers fail. "[L]egal title to property subject to a security interest passes to the creditor after he has taken possession following default." *Jackson*, 975 N.E.2d at 171. Accordingly, when NWR exercised its right to repossess the vehicle on behalf of Credit Acceptance and connected the collateral to its tow in accordance with 225 ILCS 422/110 (a), legal title to the Vehicle passed back to the creditor. *See id.* (dismissing constitutional claims after a legal repossession due to plaintiff's lack of property interest in the collateral). When the officers arrived, NWR already repossessed the vehicle and legal title already shifted back to the creditor. As a result, Plaintiff fails to establish that the Officers furthered an "unlawful possession" in violation of Plaintiff's civil rights.

For these reasons, the Court dismisses Plaintiff's claims against the Officers, and does so with prejudice, since Plaintiff has not requested or suggested to the Court the ways in which he might cure defects and does not make a showing in his Response that he can sufficiently allege the repossession was unlawful. *See Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 943 (7th Cir. 2012) (holding courts are within their discretion to dismiss with prejudice where a party does not make such a request or showing). Because the Court determines as a threshold matter that Plaintiff did not have a legal right in the Vehicle at the time of the alleged civil rights violations, it does not address the merits of Plaintiff's § 1983 claims against the Officers.

### B. Claim Against VOHE

In Count IV, Plaintiff seeks damages from VOHE for failing to adequately train or supervise its officers regarding constitutional limits in civil repossessions. (Dkt. 49 at *6.) In their Motion, Defendants argue Plaintiff failed to plead facts sufficient to establish a pattern of unlawful repossessions by VOHE that have taken place in the past, such that VOHE would have been on notice of the need to remedy such violations through training or a change in policy. (*See* Dkt 64 at *2.)

A municipality cannot be held liable under § 1983 on a *respondeat superior* theory. *Monell v. Dep't of Soc. Services of City of New York*, 436 U.S. 658, 694 (1978). As a result, a municipality cannot be held liable solely because it employed a constitutional wrongdoer; instead, a plaintiff "must prove that the constitutional deprivation was caused by an official municipal policy or custom." *Hollins v. City of Milwaukee*, 574 F.3d 822, 828 (7th Cir. 2009)). Allegations of a specific pattern or series of incidents that support the general allegation of a custom or policy suffice to establish municipal policy or custom. *Hollins*, 574 F.3d at 827. Specifically, the inadequacy of police training may serve as the basis for § 1983 liability, but only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989); *Hollins*, 574 F.3d at 827. There can be no liability, however, when there is no violation of the plaintiff's constitutional rights. *Jenkins v. Bartlett*, 487 F.3d 482, 492 (7th Cir. 2007).

Defendants argue Plaintiff's Complaint falls well short of the requirement to establish municipal liability because, outside of "conclusory statements and conjecture," Plaintiff fails to allege any facts that VOHE inadequately trains officers on lawful repossession or that VOHE has a policy of allowing violations. (Dkt. 63 at *10.) More pertinently, in this specific instance, Defendant asserts that because Plaintiff held no constitutionally protected interest in the Vehicle at the time the VOHE officers arrived, there is no constitutional violation as to assert municipal liability. *See Id.*

The Court agrees with Defendant that Plaintiff's allegations do not suffice to assert municipal liability. Plaintiff does not cite a singular factual allegation, outside of his own conclusions, regarding any training, or lack thereof, VOHE provides to its officers regarding lawful repossession. Plaintiff merely reiterates his threadbare claims that the officers acted pursuant to an established, unlawful custom that VOHE failed to investigate or discipline, without any citation to a single unlawful custom or a single instance of VOHE's ratification of such a custom. Accordingly, the Court dismisses Plaintiff's claim against VOHE, again with prejudice, for the reasons outlined above.

## II. NWR's Motion to Dismiss

### A. Section 1983 Claims against NWR

Counts I and II of Plaintiff's Second Amended Complaint alleges violations of 42 U.S.C. § 1983 against NWR Transport. Similarly, Count I alleges a violation of Plaintiff's Fourth Amendment rights through "unlawful seizure" of Plaintiff's Vehicle and Count II alleges a violation of Plaintiff's Fourteenth Amendment, due process rights. Defendant argues both Counts against NWR fail, as a matter of law, because it is a private entity and not a state actor. (Dkt. 62 at *5.)

In order to be liable under 42 U.S.C. § 1983, a defendant must have both (a) acted under color of state law and (b) violated a constitutional right. *Burrell v. City of Mattoon*, 378 F.3d 642, 647 (7th Cir. 2004). Private entities and individuals "cannot ordinarily be held liable under Section 1983 because that statute requires action under color of state law." *Brokaw v. Mercer County*, 235 F.3d 1000, 1016 (7th Cir. 2000). The Seventh Circuit has recognized, however, that a § 1983 action can lie against private individuals if they conspire or act in concert with state officials to deprive a person of their civil rights under color of state law. *See Case v. Milewski*, 327 F.3d 564, 567 (7th Cir. 2003). In order to bring such an action, there must exist an "exercise of governmental power over the private entity, such that the private entity may be said to have acted on behalf of the government rather than for its own, private business purposes." *United States v. Koenig*, 856 F.2d 843, 849 (7th Cir. 1988).

In its Motion, NWR argues it cannot be liable for violations of 42 U.S.C. § 1983 as a matter of law. (Dkt. 62 at *1.) Specifically, because NWR is a private entity that performed a repossession pursuant to an agreement with another private entity (i.e., Credit Acceptance), NWR is not a state actor, nor was it performing any action on behalf of, or for the benefit of, a state actor, as to allow liability under 42 U.S.C. § 1983. (*id.*) Plaintiff, by contrast, argues that the "coercive, police-backed seizure—executed without warrant, court order, or judicial authorization" converted their activities to state action as to allow liability under 42 U.S.C. § 1983. (*See* Dkt. 66 at *3.)

7

The Court agrees with NWR that Plaintiff's Complaint does not allege any facts or circumstances to support his assertion that NWR acted under color of state law. The total extent of Plaintiff's allegations concerning any possible "conspiracy" between NWR and members of the Hoffman Estates Police Department is set forth in one sentence: "[t]he seizure became state action when officers threatened Plaintiff with arrest, converting private repossession into official misconduct." (*See* Dkt. 49 at *4.) Such a statement is nothing more than a legal conclusion, which is insufficient for purposes of stating a claim. *Diedrich v. Ocwen Loan Servicing*, LLC, 839 F.3d 583, 589 (7th Cir. 2016).

Even if the Court considers his allegations more liberally, which it is required to do for a *pro se* complainant, his allegations still fail. The crux of Plaintiff's conspiracy allegations rely on the fact that the police were summoned to the scene when Plaintiff jumped in the recently repossessed vehicle and refused to exit. As stated above, that "private parties are not state actors when they merely call on the law for assistance." *Hughes v. Meyer*, 880 F.2d 967, 972 (7th Cir. 1989). Importantly, the Court notes the legal conclusion Plaintiff contrived from *Soldal v. Cook County*, 506 U.S. 56 (1992), that any "government involvement in a civil seizure converts it into state action, implicating the Fourth Amendment," (Dkt. 66 at *3), grossly overstates the holding of that case and is inapposite. The Court did not hold that **any** state involvement in a civil seizure subjected a private repossession company to § 1983 liability, but instead held that in that specific instance, where a manager of a mobile home park physically tore plaintiff's home from its foundation and where officers, despite knowing there was no eviction order and that the defendant's actions were illegal, refused to take plaintiff's complaint for criminal trespass, such actions provided sufficient evidence of conspiracy as to allow liability. *See id.* at 72. The present facts differ immensely from the illegal and "unreasonable" actions contemplated in *Sodal* where the police "choose to further an enterprise knowing that it is contrary to the law [and] proceed[ed] to seize property in the absence of objectively reasonable grounds for doing so." *See id.*

8

By contrast, NWR legally repossessed the Vehicle for its own business purposes and Plaintiff subsequently entered the Vehicle, unlawfully trespassing. NWR only sought support from law enforcement after the repossession concluded and after Plaintiff refused to exit the Vehicle he had no legal right to. Importantly, there is not a single allegation that NWR spoke with or otherwise conspired with officers to further an illegal enterprise and or dispossess Plaintiff of his rights in the absence of reasonable grounds for doing so. Accordingly, because NWR legally repossessed the vehicle and absent any evidence supporting a conspiracy between the private entity and Officers, the Court will not allow Plaintiff's § 1983 claims to proceed against NWR.

The Court dismisses Counts I and II against NWR and does so with prejudice, since it is not evident that the Plaintiff can cure the noted defects nor does he make a showing in his Response that he can sufficiently allege a conspiracy as to allow a § 1983 claim to proceed against NWR. Because the Court determines NWR cannot be held liable under § 1983, it does not address the merits of Plaintiff's Fourth and Fourteenth Amendment claims.

### B. 810 ILCS 5/9-609 Claim against NWR

In Count III, Plaintiff seeks damages from NWR Transport for, what he describes as, "unlawful repossession/breach of the peace" under 810 ILCS 5/9-609. In their Motion, Defendants argue dismissal of Count III is warranted for the mere fact that Plaintiff does not allege, and cannot allege, that NWR held a security interest in the Vehicle at any time relevant to this lawsuit. (Dkt. 62 at *11-12.)

The specific section of the UCC cited by Plaintiff, i.e., 810 ILCS 5/9-609 is entitled "Secured party's right to take possession after default." In relevant part, that section reads as follows:

> (a) Possession; rendering equipment unusable; disposition on debtor's premises. After default, a secured party:
>     (1) may take possession of the collateral; and
>     (2) without removal, may render equipment unusable and dispose of collateral on a debtor's premises under Section 9- 610.
> (b) Judicial and nonjudicial process. A secured party may proceed under subsection(a):

9

>> (1) pursuant to judicial process; or
>> (2) without judicial process, if it proceeds without breach of the peace.

810 ILCS 5/9-609. A "secured party" is defined by statute as:

> (A) a person in whose favor a security interest is created or provided for under a security agreement, …

810 ILCS 5/9-102(a)(73).

NWR asserts that it did not hold a security interest in the Vehicle and was therefore not a "secured party," a prerequisite for liability under the statute. Instead, NWR argues, it was merely a repossession company retained by the creditor with a secured interest in the Vehicle. (Dkt. 62 at *1-2.) Plaintiff, in response, either by mistake or with malintent, relies on "Hollibush v. Ford Motor Credit Co., 179 Ill. App. 3d 1 (1989)," which is not a reported or unpublished case in Illinois but a Wisconsin state Supreme Court case, *Hollibush v. Ford Motor Credit Co.*, 179 Wis. 2d 799 (1993), to argue that "threats of arrest and police involvement constitute a breach of the peace" under Illinois law. (*See* Dkt. 66 at *4-5). Plaintiff additionally argues Defendants' assertion that the "police presence 'preserved the peace'" is not in keeping with 810 ILCS 5/9-602(6), "which prohibits any coercion, intimidation, or overcoming of the debtor's objection," without citing any specific subsection of the statute or case law that brought him to this conclusion. (*See id.*)

The conclusions Plaintiff gleaned from a Wisconsin state case's interpretation of Wisconsin law, whether intentional or not, are not authoritative nor persuasive to this Court, and in fact, have no bearing on the issue of whether the specific provision of Illinois's statute is applicable to NWR. The Court makes its determination based on the proper, Illinois precedent. In completing that analysis, the Court agrees with NWR. § 9–609 only provides for liability against secured parties. *Barnes v. Nw. Repossession, LLC*, 210 F. Supp. 3d 954, 969–70 (N.D. Ill. 2016) (Blakey, J.). Because Plaintiff does not and cannot allege NWR has a security interest in the Vehicle, 810 ILCS 5/9-609 does not apply to NWR as a matter of law.

Accordingly, the Court dismisses Count III against NWR, again with prejudice, for the reasons outlined above.

**CONCLUSION**

For the foregoing reasons, the Court grants Defendants, VOHE, Officer Clayton, and Officer Adlon's Motion to Dismiss [63], with prejudice, and grants Defendant, NWR's Motion to Dismiss [61], with prejudice.

**IT IS SO ORDERED.**

Date: 1/5/2026

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge